SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Ray Sharp, | No. CV 08-2316-PHX-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Bobby Ray Sharp, who is confined in the Lower Buckeye Jail in Phoenix, Arizona, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 through counsel and paid the $350.00 filing fee. (Doc.# 1.)[1] The Court will dismiss the Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a litigant is entitled to an opportunity to amend a complaint before

---

[1] "Doc.#" refers to the docket number of filings in this action.

**JDDL-K**

dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

## II. Complaint

Plaintiff alleges violation of his constitutional rights to adequate medical and mental health care. He sues Maricopa County, Maricopa County Sheriff's Office, Maricopa County Sheriff Joseph Arpaio, Maricopa County Correctional Health Services, and John Does I-X and Black Corporations I-V. Plaintiff seeks compensatory relief.

## III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Maricopa County Sheriff's Office and Correctional Health Services

Plaintiff sues the Maricopa County Sheriff's Office (MCSO) and Maricopa County Correctional Health Services (CHS). Neither, however, is a proper Defendant. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff, see A.R.S. §§ 11-441(A)(5), 31-101, and the County, see A.R.S. §§ 11-251(8), 11-291(A). MCSO is simply an administrative creation of the sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Similarly,

CHS is an administrative creation of the County to provide medical care to inmates. Accordingly, MCSO and CHS will be dismissed.

### B.     Fictitiously-Named Defendants

Plaintiff sues John Does I-X and Black Corporations I-V.  Generally, the use of anonymous type appellations to identify defendants is not favored.  Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). If Plaintiff discovers the identities of these fictitiously-named defendants through the discovery process, or otherwise, he may seek leave of the Court to amend to name these individuals.

### C.     Sheriff Arpaio

Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom or that the official promulgated a policy, practice or custom resulting in the violation. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the

violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff alleges that Arpaio is the official policymaker for the Sheriff's Office. He fails, however, to allege that his constitutional rights were violated pursuant to a policy, practice, or custom promulgated or endorsed by Arpaio. That is, Plaintiff fails to allege facts to support that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged that Arpaio directly violated his constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act. Plaintiff therefore fails to state a claim against Arpaio.

### D. Maricopa County

Plaintiff also sues Maricopa County. A municipality may not be held liable unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694. Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006).

Plaintiff fails to allege that the County has enacted or enforced a policy, custom, or practice that resulted in the denial of his civil rights. For that reason, Plaintiff fails to state a claim against the County.

### IV. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first

amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." Plaintiff may include only one claim per count.

**IT IS ORDERED:**

(1) The Complaint (doc.# 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

DATED this 21st day of January, 2009.

_____
David G. Campbell
United States District Judge