SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Bobby Ray Sharp,) No. CV 08-2316-PHX-DGC (JRI)
)
Plaintiff,) **ORDER**
)
vs.)
)
Maricopa County, et al.,)
)
Defendants.)
)

Plaintiff Bobby Ray Sharp, who is confined in the Lower Buckeye Jail in Phoenix, Arizona, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 through counsel and paid the $350.00 filing fee. (Doc.# 1.)[1] The Court dismissed the Complaint with leave to amend. (Doc.# 11.) Plaintiff has filed a First Amended Complaint. (Doc.# 12.) The Court will order Defendants Maricopa County and Arpaio to answer Plaintiff's claims for deliberate indifference to his serious medical needs in the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

---

[1] "Doc.#" refers to the docket number of filings in this action.

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. First Amended Complaint

Plaintiff alleges violation of his constitutional right to adequate medical care. He sues Maricopa County, Maricopa County Sheriff's Office, Maricopa County Sheriff Joseph Arpaio, Maricopa County Correctional Health Services, and John Does I-X and Black Corporations I-V. Plaintiff seeks compensatory relief.

Plaintiff alleges the following facts: In March 2008, while he was incarcerated at the Lower Buckeye Jail, Plaintiff felt an abnormal growth on his rear palate. He experienced shortness of breath and severe pain in his mouth about which he "voiced . . . concerns" to unidentified jail staff. He was not treated but was instead ordered to his cell. The growth and pain dissipated overnight. In the following weeks, Plaintiff began to lose approximately 10-15 pounds a week, but nurses dismissed his concerns by attributing the lost weight to Plaintiff's new exercise regimen. Plaintiff believed something else was causing the weight loss, but his concerns were dismissed. Two or three months after the growth had dissolved, Plaintiff became very ill and experienced a high fever, shortness of breath, excruciating pain, and swelling throughout his body. Plaintiff was "frequently unable to see the nursing staff" because he lacked the strength or assistance to do so. Plaintiff's requests to go to the emergency room were disregarded by nursing staff and he was only provided cold water to bring down his temperature. About six months after the growth had dissolved, Plaintiff was taken to the Maricopa County Hospital, where a cardiologist informed Plaintiff that a cyst in his throat had ruptured, infecting his body and attacking his muscles.

## III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. <u>Wood v. Ostrander</u>, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must

1  allege an affirmative link between the injury and the conduct of that defendant. <u>Rizzo v.
2  Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

### A. Maricopa County Sheriff's Office and Correctional Health Services

As the Court previously informed Plaintiff, the Maricopa County Sheriff's Office (MCSO) and Maricopa County Correctional Health Services (CHS) are not proper Defendants. (<u>See</u> doc.# 11.) In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff, <u>see</u> A.R.S. §§ 11-441(A)(5), 31-101, and the County, <u>see</u> A.R.S. §§ 11-251(8), 11-291(A). MCSO is simply an administrative creation of the sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Similarly, CHS is an administrative creation of the County to provide medical care to inmates. Accordingly, MCSO and CHS will be dismissed.

### B. Fictitiously-Named Defendants

Plaintiff also again sues John Does I-X and Black Corporations I-V. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)). If Plaintiff discovers the identities of these fictitiously-named defendants through the discovery process, or otherwise, he may seek leave of the Court to amend to name these individuals.

### IV. Claims for Which an Answer Will be Required

Plaintiff sufficiently alleges that Maricopa County and Sheriff Arpaio had a policy or custom to deny constitutionally adequate medical care for his serious medical needs. These Defendants will be required to respond to these allegations.

/ / /

**IT IS ORDERED:**

(1) Defendants Maricopa County Sheriff's Office, Maricopa County Correctional Health Services, John Does I-X, and Black Corporations I-V are **dismissed** without prejudice. (Doc.# 12.)

(2) Defendants Maricopa County and Sheriff Arpaio must answer Plaintiff's claims for deliberate indifference to Plaintiff's serious medical needs contained in the First Amended Complaint. (Doc.# 12.)

(3) Plaintiff must serve Defendants Maricopa County and Sheriff Arpaio with the First Amended Complaint.

(4) Each Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within **30 days** from the date the First Amended Complaint is served on it or him.

(5) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(5) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 12th day of March, 2009.

David G. Campbell
United States District Judge