# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Bobby Ray Sharp,** Plaintiff -vs- **Maricopa County, et al.,** Defendants | CV-08-2316-PHX-DGC (JRI) **REPORT & RECOMMENDATION regarding Motion to Set Aside Entry of Default** |

Under consideration is Defendants Motion to Set Aside Entry of Default, filed October 2, 2009 (#27). Defendants Arpaio and Maricopa County ask the Court to set aside its entry of default against them on October 2, 2009 (#24). Defendants argue that Plaintiff failed to serve them with a copy of his application for entry of default as required by Rule 5, and that their responsive pleadings were delayed through excusable neglect resulting from the recent striking of Plaintiff's Second Amended Complaint and the pendency of an order to show cause why the matter should not be dismissed for failure to prosecute.

**Magistrate Jurisdiction** - The motion is at least arguably dispositive, and thus outside the jurisdiction of the undersigned magistrate judge, as provided in 28 U.S.C. § 636(b). *See e.g. U.S. v. Real Property*, 135 F.3d 1312 (9th Cir. 1998) (assuming that, absent consent to magistrate judge jurisdiction, motion to set aside outside authority of magistrate judge); *Sims v. EGA Products, Inc.,* 475 F.3d 865, 869 (7th Cir. 2007) (arguing setting aside the default outside magistrate jurisdiction because "default concludes the merits, while Rule 72(a) covers only 'nondispositive matters'")). Accordingly, the undersigned makes the following report & recommendation.

**Failure to Respond** - Plaintiff has not responded to the motion. Pursuant to Local Civil Rule 7.2(I), the undersigned deems Plaintiff's failure to respond to be a consent to the

- 1 -

granting of the motion.

**Cause to Set Aside Default** - Further, Defendant has shown cause to set aside entry of default. Rule 55(c) provides that a court may set aside a default for "good cause shown."

> The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)... [and] considers three factors: (1) whether [the defaulted party] engaged in culpable conduct that led to the default; (2) whether [the defaulted party] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the opposing party].

*Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 -926 (C.A.9 (Ariz.),2004) "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-946 (9th Cir.1986) (internal quotations and brackets omitted).

Culpability - "'[C]ulpability' involves 'not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings." *TCI Group Life Ins. Plan,* 244 F.3d at 698 (mental state of widow suffering depression relevant consideration). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily-although it certainly may be, once the equitable factors are considered-culpable or inexcusable." *Id.* at 697-698. Here, there is no suggestion of culpability on the part of Defendants. Rather, a credible explanation of the failure to defend has been shown, *i.e.* the striking of Plaintiff's intervening second amended complaint (*see* Order 7/1/9, #16).

Defendants others contentions are less persuasive. Defendants' argument about Plaintiff's failure to serve them is not well taken. Rule 5 provides an explicit exception to the service requirement in such instances. "No service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). Entry of default is not required for

- 2 -

this rule to take effect. "Where defendants, as here, were served with the summons and do not appear and answer within the required period, they are 'parties in default' for Rule 5(a) purposes." *Cutting v. Town of Allenstown,* 936 F.2d 18, 21 (1st Cir. 1991).

Similarly, the claim of being duped by the Court's order to show cause does not suggest a reason for failing to respond. To the contrary, it seems it should have alerted Defendants to their precarious state. Moreover, that order did not issue until Defendants were long in default.

<u>Meritorious Defenses</u> - Defendant has sufficiently shown a meritorious defense. It is true that a "'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 926 (9th Cir. 2004). However, a party seeking to avoid the effect of a default "need not conclusively establish the validity of the defense(s) asserted." *Davis v. Musler,* 713 F.2d 907, 916 (2nd Cir. 1983). Here, Defendants assert specific denials of Plaintiff's factual allegations, have asserted various affirmative defenses (e.g. failure to mitigate, etc.) and have filed a motion to dismiss for failure to state a claim and on the basis that Defendant Arpaio is improperly joined (#26). While the Court is not in a position to decide the case today, there appears no reason to not adhere to the admonition that "a case should, whenever possible, be decided on the merits." *TCI Group Life Ins. Plan*, 244 F.3d at 696.

<u>Prejudice to Plaintiff</u> - Plaintiff has not shown any relevant prejudice. "[D]elay alone does not constitute the sort of prejudice cognizable upon a Rule 55(c) motion: 'it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Apache Nitrogen Products, Inc. v. Harbor Ins. Co.* 145 F.R.D. 674, 682 (D.Ariz.,1993).

For the foregoing reasons, the undersigned finds that Defendants have shown good cause to set aside the default entered against him.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Set Aside Entry of Default, filed October 2, 2009 (#27) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the default entered against Defendants Arpaio and Maricopa County on October 2, 2009 (#24) be **SET ASIDE**, and that Defendants' Answer (#25) and Motion to Dismiss (#26) be deemed timely filed.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: November 6, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Civil Cases\Active Cases\Sharp 2-08CV2316\08-2316-027r RR 09 11 02 re MSetAsideDef.wpd