**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Ray Sharp, | No. CV 08-2316-PHX-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Defendants Maricopa County and Joseph Arpaio have filed a motion requesting the Court to set aside an entry of default. Dkt. #27. Magistrate Judge Jay R. Irwin has issued a Report and Recommendation that the Court grant Defendants' motion (R&R). Dkt. #28. Plaintiff Bobby Ray Sharp has filed an objection to the R&R (Dkt. #29) and Defendants have responded (Dkt. #30).

The Federal Magistrates Act, 28 U.S.C. § 631 et seq., allows a district court judge to designate a magistrate judge to review dispositive matters and submit recommendations for disposition to the judge. *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). If a party objects to the recommendations, the district court conducts de novo review of the magistrate judge's findings. *Id.* Defendants' motion is to set aside an entry of default, which is dispositive. *See U.S. v. Real Property*, 135 F.3d 1312 (9th Cir.). As a result, the Court will conduct de novo review. Fed. R. Civ. P. 72.

**I.     Background.**

On December 19, 2008, Plaintiff, who is confined in the Lower Buckeye Jail in Phoenix, Arizona, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. #1. On

January 21, 2009, this Court conducted statutory screening of Plaintiff's complaint and dismissed it with leave to amend. Dkt. #11. Plaintiff filed an amended complaint in February, and in March the Court ordered Defendants to answer. Dkt. ##12, 13. Defendants were not served, and in June of 2009 the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to effect service. Dkt. #14. On July 10, 2009, Plaintiff served Defendants. Dkt. ##17, 18. On September 28, 2009, Plaintiff filed an application for entry of default. Dkt. #21. On October 2, 2009, the Clerk entered default against Defendants. Dkt. #24. On the same day, Defendant Maricopa County filed an answer (Dkt. #12) and Defendant Joseph Arpaio filed a motion to dismiss (Dkt. #26). Defendants have also filed a motion requesting the Court to set aside the entry of Default. Dkt. #27. Plaintiff did not respond to that motion.

**II.     Analysis.**

In their motion to set aside the entry of default, Defendants assert that default should be set aside because (1) Plaintiff failed to serve them with a copy of the application for entry of default and (2) the delay in filing the answer and the motion to dismiss were the result of mistake, inadvertance, and excusable neglect. Dkt. #27 at 2-4. Defendants have shown "good cause" for their default as required under Rule 55(c) of the Federal Rules of Civil Procedure, and the Court will grant their motion to set aside the entry of default.[1]

Rule 55(c) states that a court may set aside default if good cause is shown and, in so doing, should consider three factors: (1) whether the defaulted party engaged in culpable conduct that led to the default; (2) whether the defaulted party has a meritorious defense; and (3) whether reopening the default judgment would prejudice the other party. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46

---

[1] Because Defendants have shown good cause, the Court will not consider Defendants' other arguments.

(9th Cir. 1986) (internal quotations and citations omitted) (ellipses in original). The Court finds that all three factors weigh in favor of setting aside the entry of default.

First, it does not appear that Defendants engaged in culpable conduct that led to the default. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily . . . culpable or inexcusable." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-98 (9th Cir. 2000). Defendants assert that the delay in this case was caused by defense counsel's mistaken belief that the Court would rule on various matters before an answer was required. Dkt. #27 at 3-4. This is a good faith explanation, and the delay shows no intent to take advantage of Plaintiff or interfere with the legal process. Plaintiff asserts that this explanation is insufficient given that "Defendants were over six (6) months in default prior to the Default Application." Dkt. #29 at 3. But Defendants were not served in this case until July 10, 2009, and therefore were not six months in default when they filed their responses. Dkt. ##17, 18. There is no evidence showing that the failure of Defendants to respond was intentional or in bad faith. This factor weighs in favor of setting aside default.

Second, it appears that Defendants have shown meritorious defenses. A "mere general denial without facts to support it is not enough to justify vacating a default." *Franchise Holding*, 375 F.3d at 926 (internal quotations omitted). However, "the showing of a meritorious defense need not be strong, [only] more than mere speculation." *U-Totem Store v. The Honorable George T. Walker*, 691 P.2d 315 (Ariz. App. 1984). Defendant Maricopa County, in its answer to the complaint, sets forth several affirmative defenses and asserts that Plaintiff's claims make no allegations against it. Dkt. #25. Defendant Joseph Arpaio, in his motion to dismiss, provides factual and legal arguments for why he is not responsible for medical care provided in the jail system. Dkt. #26. The Court finds that these defenses amount to "more than mere speculation" and, as a result, will uphold the

"long-established policy that favors deciding cases on their merits rather than on procedural technicalities." *U-Totem Store*, 691 P.2d at 315, 318.

Third, Plaintiff has not shown prejudice. "[D]elay alone does not constitute the sort of prejudice cognizable upon a Rule 55(c) motion: 'it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674, 682 (D. Ariz. 1993) (citation omitted). Plaintiff argues that delay will create difficulties in discovery and may have caused Plaintiff to lose witnesses. Dkt. #29 at 4. Plaintiff provides no evidence to support these contentions; they appear to be mere speculation.

Given that Defendants have shown good cause under Rule 55(c) of the Federal Rules of Civil Procedure, the Court will grant their motion to set aside default.

**IT IS ORDERED:**

1. Plaintiff's objection to Judge Irwin's R&R (Dkt. #29) is **denied**.
2. The findings of the magistrate judge are **affirmed**.
3. Defendants' motion to set aside entry of default (Dkt. #27) is **granted**.

DATED this 14th day of December, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge