**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bobby Ray Sharp, | ) | No. CV 08-2316-PHX-DGC (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County, et al., | ) | |
| Defendants. | ) | |

Plaintiff Bobby Ray Sharp, who was confined in the Lower Buckeye Jail in Phoenix, Arizona, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs. Defendant Sheriff Joseph Arpaio moves to dismiss for failure to state a claim, and the motion is fully briefed. (Doc. #26, 34, 35, 36.) The Court will grant Arpaio's motion and dismiss him without prejudice.

## I. Background and Summary of Motion

Plaintiff filed his original complaint on December 19, 2008, and the Court dismissed it with leave to amend. (Doc.# 1, 11.) On February 5, 2009, Plaintiff filed a First Amended Complaint. (Doc. #12.) The Court issued a Screening Order directing Maricopa County and Sheriff Arpaio to answer the First Amended Complaint and dismissing the other Defendants. (Doc. #13.) On June 19, 2009, Plaintiff filed a Second Amended Complaint, which the Court struck on July 1, 2009. (Doc. ##15, 16.)

In his First Amended Complaint, Plaintiff alleged that Defendants were deliberately indifferent to Plaintiff's serious medical condition that resulted from a ruptured cyst in his

1 throat. (Doc. #12.) He seeks damages. Arpaio moves to dismiss the First Amended
2 Complaint because (1) the responsibility for providing medical care lies with the County, and
3 (2) Plaintiff has not alleged facts showing Arpaio's involvement in the alleged violation.
4 (Doc. #26.)

**II. Motion to Dismiss**

    **A. Legal Standard**

To state a claim, Federal Rule of Civil Procedure 8(a)(2) requires " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). In other words, while Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In addition, to state a valid claim under § 1983, a plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, Or., 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also Monell v. New York City Department

of Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and, therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

**B.    Parties' Contentions**

    **1.    Arpaio**

Arpaio alleges that although the responsibility for operating the jails and caring for prisoners is placed by law on the sheriff – Ariz. Rev. Stat. §§ 11-441(a)(5), 31-101 – he is not responsible for the health care of inmates in the Maricopa County Jails. (Doc. #26 at 2.) He asserts that the responsibility for health care lies with the county. (Id., citing Ariz. Rev. Stat. §§ 11-251(8), 11-291(A).) He alleges that medical care is provided through Correctional Health Services (CHS), which is an administrative creation of Maricopa County, not the Sheriff. (Id. at 2.) Arpaio also asserts that Plaintiff's Complaint contains no allegations that Arpaio personally directed, participated in, or had knowledge of any alleged misconduct resulting in the deprivation of a constitutional right either individually or in his supervisory capacity relating to detention matters.

    **2.    Plaintiff**

Plaintiff argues that Arpaio misinterprets the language of § 11-291(A) that states that "the board of supervisors *may* provide for the hospitalization and medical care of the sick in the county. . . . " (Doc. #34 at 3 (emphasis in Plaintiff's response).) Plaintiff asserts that the language does not mean that Arpaio is in no way responsible for an inmate receiving medical care. (Doc. #34 at 3.) Plaintiff further argues that Arpaio's powers and duties include the duty to "[t]ake charge of and keep the county jail, including a county jail under the jurisdiction of a county jail district, and the prisoners in the county jail." (Id., citing Ariz. Rev. Stat. § 11-441(A)(5).)

Plaintiff also asserts that under Ariz. Rev. Stat. § 11-291(B), "[t]he board may employ physicians and *other persons necessary* to accomplish the purpose of this section." (Id. (emphasis in Plaintiff's response).) Plaintiff argues that even if CHS is responsible for

1 medical treatment, CHS and Arpaio do not operate independently because if a prisoner is in
2 need of medical attention, this information is relayed by the inmate to Correctional Officers
3 working under the policies and supervision of Arpaio, who then relay the information to
4 CHS. If a prisoner cries out for or is in visible need of help, it is Correctional Officers, not
5 CHS staff, who are required to assist the prisoner in obtaining the help they need. Plaintiff
6 asserts that he was denied assistance and ignored by Correctional Officers despite pleas to
7 staff, letters to the warden, and clear visible signs that Plaintiff was suffering from a serious
8 medical ailment that needed immediate attention.

9 Plaintiff further asserts that he stated a valid claim in alleging that Arpaio directed,
10 through policy and procedure, Correctional Officers under his supervision to exhibit
11 deliberate indifference towards Plaintiff's emergency medical needs and care of which he is
12 afforded under the Eighth Amendment to the United States Constitution. (Doc. #34 at 4.)
13 "All of this was set forth in Plaintiff's Third Amended Complaint." (Id., ref. Doc. #15 ¶ 20-
14 24.) Plaintiff also argues that qualified immunity should not be considered at this time.
15 (Id. at 5.)

16 Plaintiff filed Supplemental Authority in Support of Plaintiff's Response. (Doc. #35.)
17 He cites to this Court's judgment and order for injunctive relief in Graves v. Arpaio, No. CV-
18 77-0479-PHX-NVW, which included an order that "All pretrial detainees confined in the
19 jails shall have ready access to care to meet their serious medical and mental health needs."
20 (Doc. #35 at 2.)

21 **3.  Reply**

22 In his reply, Arpaio asserts that the interpretation of § 11-291 is dictated by the
23 statute's plain language and common sense and that the language that the board of
24 supervisors may employ "physicians and other persons necessary" for providing medical care
25 means that the board may employ other medical personnel. He argues that Plaintiff offers
26 no authority showing that the Board of Supervisors employed Arpaio for the purpose of
27 providing medical care. (Doc. #36 at 3-4.) Arpaio notes that he did not raise qualified
28 immunity in his motion. (Id. at 4.) He asserts that Plaintiff's supplemental authority is not

timely because it is not new—the Judgment in Graves was filed on October 22, 2008. (Id. at 5.)

**C.     Analysis**

The Court will grant Arpaio's motion to dismiss for failure to state a claim. The Amended Complaint on which Plaintiff relies, which in fact appears to be a Second Amended Complaint, not a Third Amended Complaint, was stricken. (Doc. #16.) The First Amended Complaint alleged that the nursing staff dismissed Plaintiff's concerns, that Plaintiff was unable to see the nursing staff, and that the nurse would not wait for Plaintiff. (Doc. #12 ¶¶ 9, 10.) It also alleges that "Arpaio had an official policy or practice of unconstitutional conduct in the manner of providing medical care to people under [his] care in the Maricopa County Jails" and that there were training deficiencies. (Id. ¶¶ 21, 24.)

The Court finds that these allegations are insufficient to state a claim against Arpaio in either his individual or official capacity. There is no *respondeat superior* liability in a § 1983 action, Monell, 436 U.S. at 691-92, and Plaintiff does not allege any personal involvement by Arpaio regarding the alleged failure to provide Plaintiff needed care. Moreover, the allegations are too vague and conclusory to state claims for policies or practices implemented by Arpaio – it is unclear what the policy or practice is or how it resulted in the alleged deprivation. See Iqbal, 129 S. Ct. at 1949. The specific allegations of misconduct by staff go to the acts or omissions of nursing and medical staff, not Detention Officers. While unheeded pleas to Detention Officers regarding serious medical needs could be relevant to Arpaio's liability, the First Amended Complaint contains no such allegations. Plaintiff has not alleged an affirmative link between Arpaio's conduct and the Plaintiff's injury and so fails to state a claim against him. See Rizzo, 423 U.S. at 371-72.

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is withdrawn as to Arpaio's Motion to dismiss (Doc. #26).

(2) Arpaio's Motion to dismiss (Doc. #26) is **granted,** and he is **dismissed** without prejudice from the action.

DATED this 4th day of February, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge