# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bobby Ray Sharp, | ) | No. CV 08-2316-PHX-DGC (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County, et al., | ) | |
| Defendants. | ) | |

Plaintiff Bobby Ray Sharp, who was confined in the Lower Buckeye Jail in Phoenix, Arizona, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs. (Doc. #12.) Maricopa County, the only remaining Defendant, moves to dismiss for failure to exhaust administrative remedies, and the motion is fully briefed.[1] (Doc. ##38, 40, 41.) The Court will grant the motion, dismiss the claims without prejudice, and terminate the case.

## I.     Background and Summary of Motion

In his First Amended Complaint, Plaintiff alleged that Defendant was deliberately indifferent to Plaintiff's serious medical condition that resulted from a ruptured cyst in his throat. (Doc. #12.) He asserted that while confined in the Maricopa County Jail, he felt an abnormal growth on his rear palate, which caused severe pain and shortness of breath. He

---

[1] All Defendants except Sheriff Arpaio and Maricopa County were dismissed on screening under 28 U.S.C. § 1915A(a). (Doc. #13.) The claims against Arpaio were subsequently dismissed for failure to state a claim. (Doc. #37.)

voiced his concerns to jail staff on several occasions, but remained untreated. Although the growth and pain dissipated on its own, he began losing weight and his concerns were dismissed by the nursing staff. Two or three months after the growth dissolved, Plaintiff became very ill. "He often cried out for help, to no avail," and his requests to be taken to an emergency room were ignored. (Id. ¶ 10.) Eventually, a cardiologist told him that the cyst had ruptured, infecting his body and attacking his muscles. He seeks damages. (Id.)

## II.  Motion to Dismiss—Exhaustion

### A.  Legal Standard

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B.  Parties' Contentions

#### 1.  Defendant

Defendant submits the declaration of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit. (Doc. #38, Ex. A, Fisher Aff. ¶ 1). She describes the jail's grievance procedures, which are set out in Policy DJ-3, Inmate Grievance Procedure (id. ¶¶ 5-6). According to Fisher and the provisions in Policy DJ-3, the first step in the grievance process

| | |
|---|---|
| 1 | includes an initial grievance form submitted to an officer. (Id. ¶ 5a; Ex. 2, Maricopa County |
| 2 | Sheriff's Office (MCSO) *Inmate Grievance Procedure***,** DJ-3). For medical grievances, the |
| 3 | Housing Unit Officer will forward the grievance to the Hearing Officer and medical staff will |
| 4 | attempt to resolve the matter. (Id. ¶ 5i.) If the grievance is not resolved within 9 days, the |
| 5 | inmate can submit an Grievance Appeal Form to the Nursing Supervisor. (Id. ¶ 5j.) If the |
| 6 | Nursing Supervisor cannot resolve the grievance within 14 calendar days, the inmate can |
| 7 | submit an External Medical Grievance Appeal to the External Referee. (Id. ¶ 5k.) Fisher |
| 8 | attests that MCSO apprises inmates of the process in the MCSO Rules and Regulations for |
| 9 | Inmates. (Id. ¶ 3). |

Fisher further attests that the hearing Unit assigns each grievance a case number and it is logged by the hearing officers; the hearing unit retains all grievances in its database for three years. (Id. ¶ 8.) Fisher avers that she reviewed the database and found that Plaintiff filed one grievance concerning administration of his medication. (Id. ¶¶ 9, 10, Ex. 3.) She attests that the matter was informally resolved and that Plaintiff did not file an appeal or any other grievances. (Id. ¶¶ 10, 12, 13.)

Defendant argues that MCSO provides a grievance system, Plaintiff had knowledge of it, and he failed to file any grievances regarding the issue raised in the lawsuit, so the claims must be dismissed. (Doc. #38.)

### 2. **Plaintiff**

Plaintiff argues that Defendant has not met his burden as established in Wyatt.[2] (Doc. #40 at 5.) He asserts that as in Wyatt, where the Ninth Circuit found that prison officials had not met their burden, Defendant submits an unverified affidavit, forms identifying the grievance procedure, and something Defendant alleges is Plaintiff's only medical grievance. Plaintiff also argues that Defendant fails to address any of the Inmate Medical Request forms

---

[2] Plaintiff's arguments are somewhat confusing because Plaintiff's response includes what appears to be a summary of his arguments (Doc. #40 at 1-2) as well as a Memorandum (id. at 4-7.), but the points made in the summary are not always the same as those in the Memorandum, nor are they addressed in the same order.

- 3 -

1  that Plaintiff filed. (Id. at 6.) He asserts that Defendant has not provided the Court with the
2  policy and procedure applicable to Inmate Medical Requests or shown that these remedies
3  were explained to Plaintiff. (Id. at 2.)

Plaintiff asserts that Woodford was not intended to defeat Plaintiff's meritorious claims just because he made a possible procedural mistake of not appealing his medical requests. (Id. at 6.) He filed numerous medical requests, the first four of which were ignored. Plaintiff was experiencing a medical emergency, so filing medical requests labeled "URGENT" rather than waiting for the appeals process to play out was reasonable, and the appeals process was not "available" within the meaning of the PLRA. (Id. at 2.) Plaintiff's numerous medical requests gave jail officials notice of his claims and the opportunity to address them, which is the purpose of the PLRA. (Id. at 6.) Plaintiff reasonably interpreted the procedures and therefore exhausted his remedies. (Id.) He further asserts that he is no longer in the custody of MCSO and cannot now pursue administrative remedies. (Id. at 2.)

Plaintiff further argues that the procedural requirements for filing medical grievances and appeals is "complex, time-consuming, and unclear." (Id.) The time required from the initial grievance to the final response from an external referee can take up to 49 days and requires two separate appeals. Plaintiff argues that "[i]f this case is dismissed because of a technical mistake by Plaintiff, then the Defendant will have an incentive to make its administrative procedures even more byzantine." (Id. at 6-7.)

Plaintiff also argues that Defendant is estopped from raising non-exhaustion because Plaintiff was repeatedly told that his medical problems would be treated and he relied on those representations. (Id. at 2.)

### 3. Reply

In his reply, Defendant asserts that he has met his burden and that, unlike the prison officials in Wyatt, the declaration of Fisher states that Plaintiff failed to exhaust his remedies and affirmed that she searched the inmate grievance database and found only one grievance filed by Plaintiff. (Doc. #41 at 2.) Moreover, the database showed that Plaintiff had not appealed from the grievance. Because the database tracks all inmate grievances, Fisher's

search is a complete record of Plaintiff's grievances. In addition, the one grievance filed is not related to the matters in the First Amended Complaint. (Id. at 3.)

Defendant also argues that a medical request is not comparable to a grievance. A medical request is used for inmates to state their medical ailment and request an appointment with a provider. A grievance is used for inmate complaints. Fisher provided the policies and procedures related to medical grievances. (Id.)

Defendant alleges that the MCSO grievance process is simple, see Morgan v. Maricopa County, 259 F. Supp. 2d 985, 988 (D. Ariz. 2003), and Plaintiff had an opportunity to use it. (Id. at 4-6.)

**C.    Analysis**

The Court will grant Defendant's motion to dismiss for failure to exhaust administrative remedies. Defendant has met its burden of showing that there were available administrative remedies and that Plaintiff did not exhaust his remedies as to the claim in the First Amended Complaint. Plaintiff fails to refute Defendant's evidence.

Plaintiff's reliance on Wyatt is misplaced. In Wyatt, the court held that the documents produced by defendants were inadequate to establish failure to exhaust because the proffered evidence showed only that there was a grievance process. The evidence did not state whether or not the plaintiff exhausted his appeals; whether the record was a complete record of the plaintiff's appeals; and it was unclear whether the one appeal shown related to a subject other than the one challenged. Wyatt, 315 F. 3d at 1120. Here, Defendant's evidence shows that the complete grievance record has been searched and that Plaintiff did not file a grievance on the issue raised in the First Amended Complaint.[3] The evidence shows that the only grievance filed related to medication not received in April 2008; it is not even clear from the grievance that the medication was for the medical condition that is the basis for this lawsuit.

---

[3] Although the Fisher declaration does not strictly comply with the requirements of 28 U.S.C. § 1746, it was made under penalty of perjury, and Plaintiff does not dispute its content. Rather Plaintiff argues that he either exhausted his remedies or was excused from doing so.

- 5 -

Plaintiff does not specify what evidence he believes is missing. The Court is not persuaded by Plaintiff's argument that Defendant's evidence is incomplete because it does not include available remedies applicable to Inmate Medical Requests. Defendant has, in fact, provided evidence as to the grievance process, including the procedures specific to medical grievances. That there is a separate process to obtain medical care is irrelevant to the existence of a grievance process to complain about the care provided.

In addition, the Court rejects Plaintiff's argument that he exhausted the grievance process because he submitted numerous Inmate Medical Requests. A prisoner must complete the administrative review process in accordance with the applicable rules. Woodford, 548 U.S. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

The Court also rejects Plaintiff's assertion that the grievance process is too confusing or lengthy to address his medical complaints. Although the Supreme Court recognized the possibility that prison officials could devise procedural requirements "designed to trap unwary prisoners," id. at 102, the grievance process here involved only three steps. Plaintiff provides no evidence that he could not pursue the grievance process to complain about his care while also filing Medical Requests to obtain treatment. Regarding the estoppel argument, the Court notes that Plaintiff provides no affidavit or declaration with his response asserting that he was in fact told he would receive treatment and that this claim is inconsistent with the allegations in the First Amended Complaint, where it is asserted that the nursing staff ignored his requests for help.

The Court finds that Defendant has met its burden of establishing Plaintiff's failure to exhaust administrative remedies.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to dismiss (Doc. #38).

(2) Defendant's Motion to Dismiss (Doc. #38) is **granted,** and the claims are

1 **dismissed** without prejudice.

2     (3) The action is terminated, and the Clerk of Court must enter judgment accordingly.

3     DATED this 7th day of April, 2010.

_____
David G. Campbell
United States District Judge